GOODWIN *v.* THE STATE.

SIMMONS, C. J. 1. It was not error to refuse to quash the indictment for any of the reasons set forth in the general or special demurrers filed by the accused.

2. In the trial of an indictment for perjury it was error, in instructing the jury as to the essential ingredients of the offense, to entirely omit that of knowledge of the falsity of the testimony given, and to charge that the jury should find the accused guilty if they believed that he had, on the occasion set out in the indictment, sworn to the statements set out, and that such statements were material and false. *Judgment reversed. All the Justices concur.*

Argued October 19, — Decided October 29, 1903.

Indictment for perjury. Before Judge Butt. Muscogee superior court. July 10, 1903.

The indictment charged H. P. Goodwin with the offense of perjury, "for that the said H. P. Goodwin, on the 12th day of February, in the year 1903, in the county aforesaid, did then and there, unlawfully, willfully, knowingly, absolutely, and falsely swear in a matter material to the issue and point in question, on the trial of one Arthur Jeffrey in the superior court of said county, on a bill of indictment charging said Jeffrey with the offense of bastardy, the same being a judicial proceeding, and a lawful oath having been administered to said H. P. Goodwin, the said false testimony being as follows, to wit: Question propounded to said Goodwin,—'Do you know whether or not she [the indictment here gave, as a part of the question, the name of the person referred to] had sexual intercourse with a man on that occasion?' to which the witness replied, 'Yes, sir, I do.' And also, when questioned as to what man had sexual intercourse with said [person named], the witness Goodwin replied, 'Well, I guess I count myself a man.' Which testimony of the witness was willfully, knowingly, absolutely, and falsely swearing that which was untrue; the said superior court of Muscogee county having then and there competent jurisdiction to try said case of the State vs. Arthur Jeffrey, and power and authority to administer said oath in said case to the said H. P. Goodwin; contrary to the laws of said State," etc. The demurrer contained the following grounds: The facts alleged in the indictment are not sufficient, under the law, to constitute the offense charged. The indictment does not state what was the material issue and point involved in the trial of the judicial proceedings referred to therein. It does not appear that the alleged false swearing was on a material issue or point involved in said judicial proceedings. The indictment does not show what connection the sexual intercourse of the woman named had with the offense of bastardy, the foundation of the judicial proceedings referred to. It is not alleged that the defendant was a witness in the trial of the bastardy case and was sworn as such in said judicial proceeding. The defendant, in the use of the language alleged to have been used by him, could not have committed the offense charged in the indictment. The indictment fails to specify any certain or definite occasion and time that the words alleged to have been used by him refer to. The material point or question at issue was the committing of the offense of bastardy, and not

whether the woman referred to by the witness had had sexual intercourse with a man at some indefinite time.

*T. Hicks Fort* and *Hatcher & Carson*, for plaintiff in error, cited, as to the indictment: 2 Bish. Crim. Proc. (3d ed.), §§ 914, 916–17–18–19, 924 et.seq.; *Ga. Rep.* 52/242; 76/790; 90/441; 99/706; 103/263; 109/52; 116/559–62.

*S. P. Gilbert, solicitor-general,* contra, cited Penal Code, §§ 256, 929; *Ga. Rep.* 103/263, 265–6; 76/790.